Troy v Fagelman (2021 NY Slip Op 00243)





Troy v Fagelman


2021 NY Slip Op 00243


Decided on January 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 14, 2021

Before: Manzanet-Daniels, J.P., Gische, Kapnick, Singh, Mendez, JJ. 


Index No. 156460/15 Appeal No. 12873 Case No. 2019-5597 

[*1]Suzannah B. Troy, Plaintiff-Appellant,
v
Andrew Fagelman, M.D., et al, Defendants-Respondents, University Physicians Network, L.L.C., et al., Defendants.


Law Offices of Rosemarie Arnold, New York (William R. Stoltz of counsel), for appellant.
Law Office of James Toomey, New York, (Evy Kazansky of counsel), for Andrew Fagelman, M.D., respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered June 20, 2019, which granted the motion of defendants Andrew Fagelman, M.D. and Soho Health-Medical Care, P.C. d/b/a Soho Health NY for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Defendants' motion for summary judgment was properly granted in this action where plaintiff alleges she was assaulted by a receptionist employed by defendants in their medical office. According to plaintiff, defendants were liable for the conduct of the receptionist based on the doctrine of respondeat superior and for the negligent hiring, retaining, training and supervision of the employee.
The court properly concluded as a matter of law that the receptionist was not acting within the scope of her employment when she had a physical confrontation with plaintiff, because the conduct alleged by plaintiff was a significant departure from normal methods of performance of the job. Furthermore, defendants could not reasonably have anticipated the conduct in that the employee worked for them for eight years and this was the first such encounter (see Rivera v State of New York, 34 NY3d 383, 389-391 [2019]), and plaintiff was unable to cite any prior conduct that would have put defendants on notice that the receptionist had a propensity for violence (see McCreary v St Luke's-Roosevelt Hosp. Ctr., 80 AD3d 499 [1st Dept 2011]). The Yelp reviews cited by plaintiff did not name the receptionist and made no reference to violent conduct.
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 14, 2021